HELEN CAMPBELL & others *vs.* JOHN WALLACE.

This court has no jurisdiction in equity to enforce a trust arising under the will of a foreigner, which has been proved and allowed in a foreign country only, and no certified copy of which has been filed in the probate court here.

BILL IN EQUITY to enforce the trust created by the following clause in the will of John Wallace, late of Clerkenwell in the county of Middlesex and Kingdom of England : " One fifth of all I possess to be sent to the care of John Wallace, son of James Wallace, 65 Eliot Street, Boston, to be put to interest for the sole use of my sister Helen as long as she may live, and at her death to be divided between her children living and the children of James Wallace, then living, of 65 Eliot Street, Bos-

ton, North America, share and share alike." This will, as appeared by the bill, was duly admitted to probate in the prerogative court of Canterbury, but never allowed in this state, nor any copy of it filed here, pursuant to the Rev. Sts. *c.* 62.

The defendant demurred to the bill, as setting forth no case within the jurisdiction of this court. And this demurrer was argued and decided at March term 1857.

*A. A. Ranney*, for the defendant.

*E. G. Loring*, for the plaintiffs.

THOMAS, J. The question raised by the demurrer is as to the jurisdiction of the court. The bill seeks to enforce the execution of a trust created by the will of an English subject, which has been duly admitted to probate in England, but has never been allowed in this state as the last will and testament of the deceased, under the provisions of the Rev. Sts. *c.* 62, §§ 17-20, 32.

The point raised by the demurrer is therefore, we think, covered by the decision of this court in *Campbell* v. *Sheldon,* 13 Pick. 8. That case was determined under the *St.* of 1817, *c.* 87, which gave this court power " to hear and determine in equity all cases of trust arising under deeds, wills, or in the settlement of estates." But the statute was held not to extend to a will, neither proved in this state nor a copy of it filed and recorded in pursuance of the provisions of the *St.* of 1785, *c.* 12, which were in substance those of Rev. Sts. *c.* 62, in the sections before cited.

The plaintiffs suggest that a more comprehensive jurisdiction in equity as to trusts is given by the Rev. Sts. *c.* 81, § 8, than by the *St.* of 1817; *c.* 87. This may be so; that is to say, the jurisdiction may be extended to trusts other than those created by deed or will; but as to trusts arising under deeds or wills, the jurisdiction under the *St.* of 1817 was full and complete, except in cases where there was an adequate remedy at law. We feel therefore bound by that decision. But if the point were a new one, the difficulties of exercising the jurisdiction prayed for are obvious, and, we incline to think, insuperable.

*Demurrer sustained*